FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 2 3 2024

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Letitia A. Sikes
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:24-CR-2014-MKD |
| Plaintiff, | Plea Agreement |
| v. | Fed. R. Crim. P. 11(c)(1)(C) |
| JOSHUA DAVID HARDING, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Letitia A. Sikes, Assistant United States Attorney for the Eastern District of Washington, and Defendant Joshua David Harding ("Defendant"), individually and by and through Defendant's counsel, Alex B. Hernandez, III, of the Federal Defenders of Eastern Washington & Idaho, agree to the following Plea Agreement.

1.    Guilty Plea and Maximum Statutory Penalties

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant agrees plead guilty to Count 3 of the Indictment filed on March 12, 2024, Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).  *See* ECF 1.  Defendant understands that the charge contained in the Indictment is a Class C Felony.

PLEA AGREEMENT - 1

Defendant understands that the potential penalties for the charge of Possession of Child Pornography, where the images Defendant possessed include prepubescent minors or minors under the age of 12, are the following:

    a.    not more than 20 years of imprisonment;

    b.    a fine not to exceed $250,000;

    c.    a term of supervised release of not less than 5 years, up to life;

    d.    and a special penalty assessment of $100, in addition to mandatory registration as a sex offender.

Defendant further understands that he must comply with penalties involving restitution related to child victims, as provided for in 18 U.S.C. § 2259 (the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018)("AVAA") and 18 U.S.C. § 2259 (the Justice for Victims of Trafficking Act of 2015)("JVTA"). Restitution is as follows: a mandatory AVAA assessment of no more than $17,000; a mandatory JVTA assessment of $5000, absent indigence.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2.    <u>Supervised Release</u>

Defendant understands that if he violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

    a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

PLEA AGREEMENT - 2

b.     3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

c.     2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if the Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    <u>Rule 11 Nature of the Plea Agreement</u>

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is a sentence of 24 to 60 months in custody, to be followed by a term of Supervised Release of no less than five years and no more than life. The United States and Defendant agree to make those sentencing recommendations to the court pursuant to Rule 11(c)(1)(C). Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose. The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment greater than 60 months of indicates its intent to do so. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 24 months or indicates its intent to do so.

The United States and Defendant acknowledge that the imposition of any fine, restitution, or conditions of Supervised Release are not part of the Rule

PLEA AGREEMENT - 3

1   11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are

2   free to make any recommendations they deem appropriate as to the imposition of

3   fines, restitution, or conditions of Supervised Release; and that the Court will

4   exercise its discretion in this regard.  The United States and Defendant acknowledge

5   that the Court's decisions regarding the imposition of fines, restitution, or

6   conditions of Supervised Release will not provide bases for Defendant to withdraw

7   Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

8       Defendant acknowledges that if either the United States or Defendant

9   successfully withdraws from this Plea Agreement, the Plea Agreement becomes a

10  nullity and the United States is no longer bound by any representations within it.

11      4.    Potential Immigration Consequences of Guilty Plea

12          If Defendant is not a citizen of the United States, Defendant understands

13  the following:

14          a.    pleading guilty in this case may have immigration

15                consequences;

16          b.    a broad range of federal crimes may result in Defendant's

17                removal from the United States, including the offense to which

18                Defendant is pleading guilty;

19          c.    removal from the United States and other immigration

20                consequences are the subject of separate proceedings; and

21          d.    no one, including Defendant's attorney or the Court, can predict

22                with absolute certainty the effect of a federal conviction on

23                Defendant's immigration status.

24      Defendant affirms that Defendant is knowingly, intelligently, and voluntarily

25  pleading guilty as set forth in this Plea Agreement, regardless of any immigration

26  consequences that Defendant's guilty plea may entail.

27      5.    Waiver of Constitutional Rights

28          Defendant understands that by entering this guilty plea, Defendant is

PLEA AGREEMENT - 4

knowingly and voluntarily waiving certain constitutional rights, including the following:

        a.     the right to a jury trial;

        b.     the right to see, hear and question the witnesses;

        c.     the right to remain silent at trial;

        d.     the right to testify at trial; and

        e.     the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    <u>Elements of the Offenses</u>

The United States and Defendant agree that in order to convict Defendant of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), the United States would have to prove the following beyond a reasonable doubt:

*First*, on or about the date alleged in the Indictment, in the Eastern District of Washington, Defendant knowing possessed a visual depiction of child pornography;

*Second*, Defendant knew the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

*Third*, the visual depiction had been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

PLEA AGREEMENT - 5

*Fourth*, the visual depiction child pornography involved one or more prepubescent minors or minors who had not achieved 12 years of age.

The term "child pornography," as defined by 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means of sexually explicit conduct, including where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct. 18 U.S.C. § 2256(8)(A). The term "sexually explicit conduct," as defined by 18 U.S.C. § 2256(2)(A), means actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, and anal-genital or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals or public area of any person.

7.    Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

In July 2023, Homeland Security Investigations (HSI) Tri-Cities and the Southeast Regional Internet Crimes Against Children (SER-ICAC) initiated an investigation into the internet protocol (IP) address 71.84.188.38 ("Subject IP address"). This IP address was associated to the BitTorrent peer-to-peer (P2P) network. BitTorrent is a network known to be frequented by individuals interested in child pornography and is often used to enable users to distribute, receive and possess child pornography. On or between July 15, 2023 and July 23, 2023, HSI

PLEA AGREEMENT - 6

1   Special Agent Gabriel Nuñez conducted single-source downloads from the Subject

2   IP address which had infohash values identifying them as known child

3   pornography.  These single-source downloads include multiple still image and

4   video files including: a video entitled "Paradisebirds – Anna.avi" that involved the

5   masturbation of a pre-pubescent female; video entitled "DSC-2226.mp4" consisting

6   of a pre-pubescent female performing oral sex on a female toddler, both naked and

7   exposing their genitals; and a video entitled "video_2019_10_15_09-18-24.mp4"

8   which involved the masturbation of a pre-pubescent female.

9          After determining that Defendant was the subscriber of the subject IP address

10  through internet service provider, Charter Communications, Special Agent Nuñez

11  obtained a search warrant for Defendant's residence, to include the search and

12  seizure of electronics devices.  The search warrant was executed on August 17,

13  2023.  During the execution of the search warrant, law enforcement seized five

14  electronics devices: Line Item 001, a Google Pixel 7A smart phone; Line Item 002,

15  a Seagate ST310014ACE storage device; Line Item 003, a Orico M2 storage

16  device; Line Item 004, a Corsair computer; Line Item 005, a Black Computer

17  Tower.  Line Item 004, the Corsair (identified by Defendant in his interview as his

18  primary device) which contained child pornography.  Line Items 003, 004 and 005

19  contained CGI/animated depictions of child pornography.

20         On that same day, Defendant was read his constitutional rights pursuant to

21  *Miranda*.  The Defendant agreed to speak to law enforcement in a video-recorded

22  interview.  During this interview, Defendant admits to searching for and having

23  knowledge of the "paradise birds" video; professes to having a sexual interest in a

24  specific subset of child pornography (a teenage daughter engaging in sexual acts

25  with the child's mother, ideally in her "30s" according to him), and admits to

26  having used search terms specific to individuals with a sexual interest in children,

27  including, but not limited to "Lolita," "jailbait," and "PTHC" (pre-teen hardcore).

28

PLEA AGREEMENT - 7

1    During his interview, Defendant also demonstrated a sexual interest in

2    children manifest through CGI/animation of child sexually abusive material.

3    (While this material is not a violation of federal child pornography laws, it may be a

4    violation of other federal statutes).  Defendant admitted to creating young, female

5    children avatars, including one named "Amber," (aged six- or seven-years-old) and

6    posting them online to engage in sexually explicit activities with both adult and

7    children avatars.  Defendant also stated that, at times, he was compensated for these

8    uploads through a Patreon account and through the use of websites.  On

9    Defendant's main electronic device (a Corsair computer), law enforcement

10    discovered a username for this Patreon account for the Defendant, CCleaner.exe (a

11    software program used to delete electronic files; sometimes referred to as "anti-

12    forensic" software), as well as BitTorrent software and other usernames identifying

13    him as the user.

14    In his recorded interview, Defendant also admitted to downloading child

15    pornography, engaging in self-gratification, and then deleting that child

16    pornography, which is consistent with the evidence as seized and analyzed by law

17    enforcement, i.e. Defendant had deleted the majority of image files on his

18    electronics devices, but file names related to the BitTorrent files in a .txt format

19    were left behind (the vast majority of which refer to a wide array of child sexually

20    abusive material).  Artefacts were also located, including a cached image of the

21    "paradise birds" video referenced above.  The child pornography was distributed

22    and received through electronic means in interstate commerce.

23    The child pornography files located on Defendant's electronics device were

24    submitted to the National Center for Missing and Exploited Children ("NCMEC")

25    for identification; NCMEC identified two known series of child pornography.

26    8.    The United States' Agreements

27    The United States Attorney's Office for the Eastern District of Washington

28    agrees that at the time of sentencing, the United States will move to dismiss Count

PLEA AGREEMENT - 8

1– Distribution of Child Pornography and Count 2– Receipt of Child Pornography, unless Defendant breaches this Plea Agreement.

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement.

9. <u>United States Sentencing Guidelines Calculations</u>

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a. <u>Base Offense Level</u>

The United States and Defendant agree that the base offense level for Count 3– Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5) is at least 18. *See* U.S.S.G. § 2G2.2(a)(1).

b. <u>Special Offense Characteristics</u>

The United States and Defendant agree that the base offense is increased by two levels because the material involved prepubescent minors who had not attained the age of 12. *See* U.S.S.G. § 2G2.2(b)(2).

The United States and Defendant further agree that the base offense level is increased by an additional four levels because the offense involved material that portrays sexual abuse or exploitation of an infant or toddler. *See* U.S.S.G. § 2G2.2(b)(4)(B).

The United States and Defendant also agree that the base level is increased by an additional three levels because the offense involved at least 100 images, but fewer than 300. *See* U.S.S.G. § 2G2.2(b)(7)(B).

PLEA AGREEMENT - 9

Finally, the United States and Defendant agree that two more levels are added, pursuant to U.S.S.G. § 2G2.2(b)(6), because of the use of a computer.

c.    Acceptance of Responsibility

The United States will recommend that Defendant receive a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

      i.    accepts this Plea Agreement;

      ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

      iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

      iv.    provides complete and accurate information during the sentencing process; and

      v.    does not commit any obstructive conduct.

The United States and Defendant agree that at its option and, upon written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility, if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

d.    No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

e.    Criminal History

PLEA AGREEMENT - 10

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

10. <u>Incarceration</u>

Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is a sentencing within a range of 24 months to 60 months in custody. The United States will recommend a sentence of 60 months confinement, Defendant will recommend a sentence of 24 months confinement.

11. <u>Supervised Release</u>

The parties are free to recommend any lawful term of Supervised Release. Defendant agrees that the Court's decision regarding the term or conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

      a.    Defendant shall not have any contact with any child under the age of 18 outside the immediate presence of an adult and approved in advance by the Probation Officer. Defendant shall not have any contact or communications of any kind with any child via telephone, the Internet, or any social media platform. Defendant shall immediately report to the Probation Officer any unauthorized contact with anyone under 18 years old.

b.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

c.    Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts.  Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action.  Failure to provide accurate account information may be grounds for revocation.  The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition when reasonable suspicion exists that Defendant has violated a condition of supervision and that the accounts to be searched contain evidence of this violation.

d.    Defendant shall allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer with the ability to access to the Internet, and any personal computing device with the ability to access the Internet that Defendant possesses or has access to, including any internal or external peripherals.  This may require temporary removal of the equipment for a more thorough inspection. Defendant shall not possess or use any data encryption technique

PLEA AGREEMENT - 12

or program.  Defendant shall purchase and use such hardware and software systems that monitor Defendant's usage of any computer that has the ability to access the Internet, as directed by the Probation Officer.

e.  Defendant shall not reside or loiter within 1000 feet of places where children under the age of 18 congregate, which includes primary and secondary schools, schoolyards, parks, playgrounds, shopping malls, daycare centers, carnivals, recreation centers, and arcades.

f.  Defendant shall register as a sex offender, according to the laws of each state in which Defendant resides, is employed, or is attending school.  Defendant shall provide verification of compliance with this requirement to the Probation Officer.

g.  Defendant shall complete a sex offender evaluation, which may include periodic psychological and polygraph testing, at the direction of the Probation Officer.

h.  Defendant shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program.  Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider.  Defendant shall contribute to the cost of treatment according to Defendant's ability.

i.  Defendant shall participate and complete such alcohol and/or drug testing and treatment programs as the Probation Officer directs.

j.  Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the

PLEA AGREEMENT - 13

treatment provider.  Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider.  Defendant shall contribute to the cost of treatment according to the Defendant's ability.

Defendant agrees that Defendant will not seek to modify or terminate any of the agreed-upon conditions set forth herein without first obtaining agreement to the modification or termination by the United States.

12.     Criminal Fine

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine.  Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

13.     Mandatory Special Penalty Assessment

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

14.     Restitution

The United States and Defendant agree that restitution is required.  *See* 18 U.S.C. §§ 2259, 3663A, and 3664.  Defendant acknowledges that restitution is mandatory, without regard to Defendant's economic situation, to identifiable victims who suffer ongoing injury by virtue of child pornography images depicting them circulating on the Internet indefinitely, in amounts that comport with Defendant's relative role in the causal process that underlies the general losses of the victims.  *Paroline v. United States*, 572 U.S. 464 (2014); 18 U.S.C. § 2259.

PLEA AGREEMENT - 14

The United States and Defendant hereby stipulate and agree, that, pursuant to 18 U.S.C. § 2259, the Court shall order restitution for the full amount of the victims' losses.  The parties further agree that, pursuant to the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259(b)(2)("AVAA"), the Court shall order restitution for the full amount of the victims' losses in an amount that reflects Defendant's relative role in the causal process that underlies the victims' losses, but which is no less than $3,000 per victim.

Defendant understands that for purposes of 18 U.S.C. § 2259, "victim" means the individual harmed as a result of a commission of the crime, including, in the case of a victim who is under 18 years of age, the legal guardian of the victim.  The United States and Defendant also hereby stipulate and agree that the Court shall order full restitution, as appropriate, to any entity, organization, insurance company, individual, and/or medical provider who provided medical services and/or funds related to the treatment of any victim.

With respect to restitution, the United States and Defendant agree to the following:

        a.    <u>Restitution Amount and Interest</u>

The United States and Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A and 3664, and, pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C), the Court shall order restitution in an amount to be determined at or before sentencing, but which is not less than $3,000 per victim.  The interest on this restitution amount should be waived.  Defendant acknowledges that Defendant may not withdraw from the Plea Agreement based on the amount of restitution that the Court orders.

        b.    <u>Payments</u>

The United States and Defendant agree that if the Court imposes restitution, the Court will set a restitution payment schedule based on Defendant's financial

PLEA AGREEMENT - 15

1  circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Defendant agrees to pay not less

2  than 10% of Defendant's net monthly income towards any restitution obligation.

3         c.    Treasury Offset Program and Collection

4         Defendant understands that the Treasury Offset Program ("TOP") collects

5  delinquent debts owed to federal agencies. Defendant acknowledges that, if

6  applicable, the TOP may take part or all of Defendant's federal tax refund, federal

7  retirement benefits, or other federal benefits and apply these monies to Defendant's

8  restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

9         Defendant also understands the United States may, notwithstanding the

10  Court-imposed payment schedule, pursue other avenues to ensure a restitution

11  obligation is satisfied, including, but not limited to, garnishment of available funds,

12  wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this

13  acknowledgment shall be construed to limit Defendant's ability to assert any

14  specifically identified exemptions as provided by law, except as set forth in this

15  Plea Agreement.

16         Until a fine or restitution order is paid in full, Defendant agrees fully to

17  disclose all assets in which he has any interest or over which he exercises control,

18  directly or indirectly, including those held by a spouse, parent, nominee, or third

19  party. Until such time as the fine or restitution order is paid in full, Defendant

20  agrees to provide waivers, consents or releases requested by the U.S. Attorney's

21  Office to access records to verify the financial information.

22         d.    Notifications

23         Defendant agrees to notify the Court and the United States of any material

24  change in Defendant's economic circumstances (e.g., inheritances, monetary gifts,

25  changed employment, or income increases) that might affect Defendant's ability to

26  pay restitution. 18 U.S.C. § 3664(k). This obligation ceases when the restitution is

27  paid-in-full.

28

PLEA AGREEMENT - 16

1    Defendant agrees to notify the United States of any address change within 30
2    days of the change. 18 U.S.C. § 3612(b)(F). This obligation ceases when the
3    restitution is paid-in-full.

4    Defendant acknowledges that the Court's decision regarding restitution is
5    final and non-appealable; that is, even if Defendant is unhappy with the amount of
6    restitution ordered by the Court, that will not be a basis for Defendant to withdraw
7    Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's
8    conviction, sentence, or restitution order.

9    15.    Judicial Forfeiture

10    Defendant, JOSHUA DAVID HARDING, agrees to voluntarily forfeit and
11    relinquish all right, title and interest in the assets identified in the Indictment and
12    listed herein, to the United States, and hereby agrees to execute any and all forms
13    and pleadings necessary to effectuate such forfeiture of assets, including but not
14    limited to:

15        a.  Orico M2 hard drive (Line Item 003);

16        b.  Corsair computer (Line Item 004); and

17        c.  Black computer tower (Line Item 005).

18    Line Items 001 and 002 did not contain contraband material and will be
19    returned to the Defendant, by and through a representative, to include defense
20    counsel, on or after the date that the Defendant reports to begin his term of
21    confinement.

22    16.    Notice of Sex Offender Registration

23    Defendant understands that by pleading guilty, Defendant will be required to
24    register as a sex offender upon release from prison as a condition of supervised
25    release, pursuant to 18 U.S.C. § 3583(d).  Such requirement may be moot, if
26    Defendant is removed from the United States before being released from prison.

27    Defendant also understands that independent of Defendant's term of
28    supervised release, Defendant will be subject to federal and state sex offender

PLEA AGREEMENT - 17

1  registration requirements, and that those requirements may apply throughout

2  Defendant's lifetime.

3      Defendant agrees that during the duration of Defendant's registration

4  requirement, Defendant will keep Defendant's registration current with the state sex

5  offender registration agency or agencies of any state in which Defendant lives or

6  resides for more than 72 hours.

7      Defendant agrees that during the duration of Defendant's registration

8  requirement, Defendant will notify and verify with the state sex offender

9  registration agency or agencies of any state in which Defendant lives or resides for

10  more than 72 hours, of changes to Defendant's name, place of residence, place of

11  employment, education, and any other information required by such agency or

12  agencies.

13      Defendant understands that Defendant will be subject to possible federal and

14  state penalties for failure to comply with any such requirements.  Defendant

15  understands that under 18 U.S.C. § 4042(c), notice will be provided to certain law

16  enforcement agencies upon Defendant's release from confinement.

17      As a condition of Supervised Release, Defendant shall initially register with

18  the state sex offender registration of the state of Defendant's release and shall also

19  register with the state sex offender agency in any state where defendant resides, is

20  employed, works, or is a student, as directed by the Probation Officer.

21      Defendant shall provide proof of registration to the Probation Officer within

22  72 hours of release from prison.

23      17.   Additional Violations of Law Can Void Plea Agreement

24      Defendant and the United States agree that the United States may, at its

25  option and upon written notice to Defendant, withdraw from this Plea Agreement or

26  modify its recommendation for sentence if, prior to the imposition of sentence,

27  Defendant is charged with or convicted of any criminal offense or tests positive for

28  any controlled substance.

PLEA AGREEMENT - 18

18.    <u>Waiver of Appeal Rights and Collateral Attack</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes, if the Court imposes a term of imprisonment consistent with the terms of this Rule 11(c)(1)(C) Plea Agreement.

If the Court indicates its intent to impose a sentence above the Rule 11(c)(1)(C) terms of this Agreement and Defendant chooses *not* to withdraw, then Defendant: (a) may appeal only Defendant's sentence, but not Defendant's conviction; (b) may appeal Defendant's sentence only if it exceeds the high end of the Guidelines range determined by the Court; and (c) may appeal only the substantive reasonableness of Defendant's sentence.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, and restitution order.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

19.    <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

PLEA AGREEMENT - 19

a. Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

b. The United States may prosecute Defendant on all available charges;

c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d. The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

20. <u>Integration Clause:</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities. The United States and Defendant

PLEA AGREEMENT - 20

agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

_____          09/23/2024
Letitia A. Sikes                                    Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____          9-23-24
Joshua David Harding                           Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____          5-23-24
Alex B. Hernandez, III                          Date
Attorney for Defendant

PLEA AGREEMENT - 21