Alex B. Hernandez, III
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, WA 98901
(509) 248-8920

Attorney for Defendant
Joshua David Harding

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Mary K. Dimke

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>  v.<br><br>Joshua David Harding,<br><br>                Defendant. | No. 1:24-CR-2014-MKD-1<br><br>**Defendant's Sentencing Memorandum** |

Joshua David Harding committed a serious offense and is facing a long term of imprisonment. He is 44 years old and is autistic. For most of his life, Mr. Harding has struggled with social interactions, isolation, depression, and anxiety. As young boy and teenager, he struggled in school and was bullied because of his appearance and social awkwardness. His anxiety made it "impossible for him to stay" in school. [ECF No. 43]. Now, as an adult, Mr. Harding prefers to be alone due to his social anxiety, and "it is difficult to leave his house due to his anxiety." *Id.* at ¶67.

Defendant's Sentencing
Memorandum: 1

Imprisonment will be difficult for Mr. Harding because of his social anxiety and depression. He is not used to being around people and does not communicate well with people, so Mr. Harding will likely struggle in prison. Even though he was only in custody for a short time after his arrest for this offense, he suffered a panic attack at the Yakima County Jail. Mr. Harding's sister, "is fearful that someone will misinterpret him [Mr. Harding] in some way, and he will be hurt," while incarcerated.

Therefore, considering the § 3553(a) factors, a long-term of imprisonment for Mr. Harding is unnecessary to meet the goals of sentencing.

### I. Base Offense Level Enhancements.

Mr. Harding had no objections to the guideline calculations in the Presentence Investigation Report. [ECF No. 44].

### II. Departures.

Mr. Harding is not seeking a downward departure.

### III. Sentencing Under 18 U.S.C. § 3553(a)

In determining an appropriate sentence, the Court must consider the sentencing factors of § 3553(a), as well as the nature and circumstances of the offense and the characteristics of the defendant in fashioning a sentence. The sentence imposed by the Court must be "sufficient, but not greater than necessary to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85 (2007). Under the Rule 11(c)(1)(C) plea agreement, Mr. Harding requests the Court impose a

Defendant's Sentencing Memorandum: 2

sentence of 24 months imprisonment and a 5-year term of supervised release. Such a sentence is sufficient but not greater than necessary to meet the goals of sentencing.

**1. Nature and Circumstances of the Offense.**

In July of 2023, an online investigation was conducted into Peer to Peer (P2P) file sharing programs for the possession and distribution of child pornography. Law enforcement conducted suspected child pornography downloads from a computer with a specific IP address in Yakima, Washington. Review of the downloads by law enforcement revealed images and videos of child pornography. ECF No. 43 at ¶¶s12-22].

After further investigation, law enforcement determined the IP address was assigned to Mr. Harding at a residence in Yakima. A search warrant was executed at Mr. Harding's residence on August 17, 2023. Mr. Harding admitted to law enforcement that he downloaded files with child pornography. *Id.* Several devices were seized from the residence and searched. From the discovery, it appears the images and videos had been deleted, but through forensic analysis of the devices law enforcement was able to recover images and videos of child pornography.

**2. History and Characteristics of Joshua David Harding.**

When Mr. Harding was born, his parents could not take care of him due to their mental impairments. His aunt and uncle began to raise Mr. Harding when he

Defendant's Sentencing
Memorandum: 3

was 5 days old and officially adopted him when he was 2 years old. *Id.* at ¶60. After his adoption, Mr. Harding's biological parents had no further contact with him. *Id.*

After years of raising and caring for Mr. Harding, Ms. Harding describes her son as "the saddest and loneliest" person she has ever known. He is autistic and prefers to isolate himself. Ms. Harding indicated Mr. Harding has suffered from depression and anxiety for most of his life. *Id.* When he was in school, Mr. Harding was picked on and, as a result, refused to complete his education. He has difficulty interacting with people, and at family events he would stay to himself and not interact with others. *Id.* His sister, Ms. Kountz, described Mr. Harding as exhibiting autistic behaviors as a boy; and, that he rarely communicates with others and isolates himself in his home. *Id.* at ¶62.

Mr. Harding's mother, sister and nephew submitted letters on his behalf. *See Declaration of Defense Counsel in Support of Sentencing Memorandum ("Dec."): Exhibit A – Letters of Support.* Ms. Harding indicated Mr. Harding's:

> ". . . school years were very difficult. He was often bullied and teased by the other children. We took him to counseling through the years as all this led to anxiety and depression. Always looking for help but finding little. At this time there was no Autism diagnosis".

*Dec.: Exhibit A-1 (Letter from Joy Harding)*

Mr. Harding's sister describes Mr. Harding as "mild mannered" and has "never known him to be violent in any way." *Dec.: Exhibit A-2 (Letter from Loey Kountz).* Ms. Kountz also indicates Mr. Harding "never leaves the house with the exception of

Defendant's Sentencing Memorandum: 4

medical and mental health appointments" and doesn't drive because he doesn't have a license. *Id.*

Mr. Harding's nephew, Jake Pister, recalls Mr. Harding as avoiding children and people in general. *Dec: Exhibit A-3 (Letter from Jake Pister).* Mr. Pister indicated: "I tried to be around him [but he] never wanted to be around me, my younger brother, or my younger cousin. He avoided children and people in general, even family members." *Id.* The only person Mr. Harding communicated with was his father, but after his father passed away in 2008, Mr. Harding "regressed back to not being around people and not really responding to greetings except on rare occasions." *Id.*

Even though Mr. Harding has struggled most of his life, he did recall enjoying their family camping and fishing trips. [ECF No. 43 at ¶58]. Mr. Harding felt his parents loved him, cared for him, and provided for his needs. *Id.* Photos of Mr. Harding and his family show them happy together, and Mr. Harding having fun. *Dec.: Exhibit B (Photos).* His anxiety, however, affected him throughout his life. Growing up, he didn't make eye contact with people and wanted to "go home and hide." He didn't have many friends and those feelings he had as a child "carried into adult life." Mr. Harding has a difficult time leaving his home due to his anxiety. He recalls not leaving his house to be with his father at the hospital before he died because of his anxiety. *Id.* at ¶66.

Defendant's Sentencing Memorandum: 5

To help him with his mental health issues, Mr. Harding has been participating in counseling since he was 5. He's also been taking medication for his depression and anxiety since he was a teenager. Currently, Mr. Harding attends mental health services. *Id.* at ¶¶s67,69. Because of his social anxiety, Mr. Harding has been receiving social security disability benefits since he was about 20 or 21. *Id.* at ¶74.

Mr. Harding's history also shows he has no criminal history, and he doesn't abuse drugs or alcohol. This offense is his only criminal offense, and his family is surprised by his conduct. *Id.* at ¶¶s61, 64. Ms. Harding indicated to the probation officer that Mr. Harding "feels terrible, awful and like dirt" for what he did, and wants to participate in sex offender treatment. *Id.* at ¶61.

Mr. Harding underwent a mental health and psychosexual evaluation conducted by Dr. Robert L. Cosby. *See Dec: Exhibit C (Evaluation Report by Dr. Robert L. Cosby) (Filed Under Seal).* Dr. Cosby met with Mr. Harding on August 1, 2024 and evaluated Mr. Harding. After the initial report was generated on August 23, 2024, Dr. Cosby again met with Mr. Harding on September 3, 2024. The reason Dr. Cosby met with Mr. Harding a second time, was to obtain additional information from Mr. Harding he had not previously disclosed. *Id.*

At his second meeting with Dr. Cosby, Mr. Harding was more open about his history of and interest in child pornography as noted in the evaluation. *Id.* at pgs. 9-11. During this meeting, Mr. Harding described his struggles with child pornography

Defendant's Sentencing Memorandum: 6

and that "he has always been ashamed and embarrassed of his interest . . ." and was ready to participate in sex offender treatment. *Id.* Mr. Harding was diagnosed with disorders related to pedophilia, as well as social anxiety disorder, and autism spectrum disorder. *Id.* at pg. 20.

Based on his evaluation of Mr. Harding, Dr. Cosby concluded that Mr. Harding's risk for future sexual misconduct is low. Participation in sex offender treatment and cognitive-behavioral therapies (CBT) would lower Mr. Harding's recidivism risk. Dr. Cosby noted that CBT is "effective at improving self-esteem issues and social deficits that partly underlie his [Mr. Harding] sex offenses." *Id.* at pg. 27. Dr. Cosby also pointed to other factors that would assist Mr. Harding from avoiding future criminal activity such as: family support, the lack of antisocial behaviors, no substance abuse issues, the ability to learn and retain information taught in treatment, and compliance with supervision. *Id.* at pgs. 27-28.

Mr. Harding committed a serious offense, but considering the § 3553(a) factors, it is clear a long term of imprisonment for Mr. Harding is unnecessary to meet the goals of sentencing. He has no criminal history, he does not abuse drugs or alcohol, and he suffers from significant mental health disorders, for which he receives disability benefits. Mr. Harding rarely leaves his home because of his social anxiety disorder, and he prefers to be alone and not interact with people. He is currently in mental health counseling and takes medication for his anxiety and depression. Dr.

Defendant's Sentencing Memorandum: 7

Cosby notes that Mr. Harding's risk for future sexual misconduct is low, and that treatment and therapy will lower the risk recidivism. Thus, a long sentence is not necessary to meet the goals of sentencing.

Dr. Cosby also indicated in his evaluation that individuals like Mr. Harding do not adapt well to a prison environment and are targets for antisocial and manipulative inmates. Because of his disorders, Mr. Harding is likely to misinterpret situations with individuals which could lead to physical altercations. *Id.* at 28. A long prison sentence for Mr. Harding, then, is potentially dangerous for him. Therefore, considering Mr. Harding's history and characteristics, a sentence of 24 months years is sufficient but not greater than necessary to meet the goals of sentencing under 18 U.S.C. § 3553(a).

**Conclusion**.

Mr. Harding requests the Court impose a sentence of 24 months imprisonment and 5 years of supervised release.

Defendant's Sentencing Memorandum:  8

Dated: December 30, 2024.

                                    Respectfully Submitted,

                                    <u>s/Alex B. Hernandez, III</u>
Alex B. Hernandez, III, 21807
Attorney for Joshua David Harding
Federal Defenders of Eastern
Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Ben_Hernandez@fd.org

Defendant's Sentencing
Memorandum: 9

# CERTIFICATE OF SERVICE

I certify that on December 30, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to: Letitia Alberta Sikes, Assistant United States Attorney, and Carrie A. Valencia, United States Probation Officer.

s/Alex B. Hernandez, III<br>
Alex B. Hernandez III, 21807<br>
Attorney for Joshua David Harding