Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Letitia A. Sikes
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA DAVID HARDING,<br><br>Defendant. | Case No. 1:24-CR-02014-MKD<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Plaintiff, the United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Letitia A. Sikes, Assistant United States Attorney for the Eastern District of Washington, submits the following Sentencing Memorandum ("Sentencing Memorandum"). In support of this Memorandum, the Government shows the Court as follows:

**I.   BACKGROUND.**

On March 12, 2024, a federal grand jury returned a three-count indictment (the "Indictment") charging the Defendant with Count 1- Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1); Count 2- Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1); Count 3- Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). ECF No. 1. The Indictment also included forfeiture allegations. *Id.* On September 23, 2024, pursuant to a written Plea Agreement ("the Plea Agreement")

GOVERNMENT'S SENTENCING MEMORANDUM - 1

in accordance with Fed. R. Crim. P. 11(c)(1)(C)("Rule 11(c)(1)(C)"), the Defendant entered a guilty plea to Count 3- Possession of Child Pornography. ECF No. 39 at 1. As part of the Plea Agreement, the Government agreed to dismiss Counts 1 and 2 at the time of sentencing. *Id.* at 8-9. The parties further agreed that an appropriate disposition of the case is a sentence of 24 to 60 months in custody, to be followed by a term of supervised release of no less than five years but no more than life. *Id.* at 3. The parties also agreed that Government would recommend a sentence of 60 months in confinement and the Defendant would recommend 24 months in confinement. *Id.* at 11. The parties made no agreement regarding the imposition of any fine, restitution or conditions of Supervised Release and are free to make any appropriate recommendations. *Id.* at 3-4. Mandatory restitution is required by law. *See Id.* at 2.

Also on September 23, 2024, this Court accepted the Defendant's guilty plea and set forth a scheduling order that ordered the United States Probation Office ("U.S.P.O.") prepare a Presentence Investigation Report ("PSIR") and set a joint deadline for sentencing memoranda, December 30, 2024.[1] ECF No. 40 at 2, 4. The Court also scheduled a sentencing hearing for January 14, 2025 at 3:00 PM. *Id.* at 2. On December 2, 2024, the United States Probation filed a draft Presentence Investigation Report ("PSIR"). ECF No. 43. Neither the United States nor the Defendant filed any objections to the PSIR.[2]

---

[1] On December 30, 2024, by agreement with counsel for the Defendant, the Government filed an emergency motion for an extension of time as well as a motion for an expedited hearing due to significant technical issues. *See* ECF No. 45, 46. On December 31, 2024, the Court extended the joint filing deadline to Friday, January 3, 2025. ECF No. 50. Prior to the extension of the deadline by this Court, the Defendant filed his sentencing memorandum on December 30, 2024 shortly before midnight and filed subsequent documentation right after midnight on December 31, 2024. *See* ECF No. 47-49. The Defendant also emailed a copy of a sealed exhibit for ECF No. 49 to counsel for the Government on December 31, 2024. When preparing this Memorandum, counsel for the Government did not review the Defendant's filings or exhibits.

[2] On January 2, 2025, the USPO filed a finalized copy of the PSIR to include an addendum. ECF No. 51, 52. Counsel for the Government did not review ECF 51 or 52 in completing this Memorandum since the Defendant had not received the final PSIR prior to the filing of his sentencing memorandum.

GOVERNMENT'S SENTENCING MEMORANDUM - 2

Unless otherwise indicated, the factual statement contained in this Sentencing Memorandum comes from the agreed-upon statement of facts contained in the Plea Agreement. *See* ECF No. 39 at 6-8. The Government agrees with the Offense Conduct summary outlined in paragraphs twelve through twenty-two of PSIR. ECF No. 43 at 5-22, ¶¶12-22. Based on the reasons set forth herein and following an extensive review of the facts and circumstances in this case, the Government entered into a Rule 11(c)(1)(C) Plea Agreement with the Defendant, which resulted in a significant benefit to the Defendant in terms of the United States Sentencing Guidelines ("U.S.S.G." of the "Guidelines") so determined by the U.S.P.O. Based on the accompanying documentation and the factual and legal argument contained in this Sentencing Memorandum, the Government submits that the appropriate disposition of this case is a range of 24 to 60 months incarceration, and that the Defendant should be sentenced to a term of 60 months sentence of incarceration.

## II.  SENTENCING CALCULATIONS.

### A.  Base Offense Level & Enhancements.

The Government agrees with calculations by the United States Probation Office in the PSIR that the Defendant's base offense level is eighteen (18). *See* U.S.S.G. § 2G2.2(a)(1). The Government further agrees that the following specific offense characteristics[3] apply as a result of the Defendant's criminal conduct:

– plus two (2) levels pursuant to U.S.S.G. § 2G2.2(b)(2) the child pornography depicted a prepubescent minor who had not obtained the age of 12.

---

[3] Upon review of the PSIR and its calculations as to specific offense characteristics, the parties miscalculated the adjusted offense level in (1) neglecting to include plus two (2) levels for the knowing distribution of child pornography and (2) calculating the images as more than 100 but less than 300, resulting in a plus three (3). ECF No. 39, 9-10. The PSIR calculated the images as more than 300 but less than 600, as a plus four (4). ECF No. 43 ¶35. The Government defers to the calculation by the USPO, which adds a total of three additional points to offense characteristics. Neither party has objected to this calculation.

GOVERNMENT'S SENTENCING MEMORANDUM - 3

    – plus two (2) levels pursuant to U.S.S.G. § 2G2.2(b)(F) because the Defendant knowingly engaged in distribution of child pornography.[4]

    – plus four (4) levels pursuant to U.S.S.G. § 2G2.2(b)(4) because the child pornography material portrayed the sexual abuse or exploitation of an infant or toddler.

    – plus two (2) levels pursuant to U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer.

    – plus four (4) levels pursuant to U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved at least 300 images, but fewer than 600.

    – minus two (2) levels pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility.

    – minus one (1) level pursuant to U.S.S.G. § 3E1.1(b) for timely acceptance of responsibility.

The Defendant's total guideline range as calculated by U.S. Probation Officer C. Valencia is an adjusted offense level of 29 with a Criminal History Category ("CHC") I. ECF No. 43, at 8-9. As a result, the applicable guideline imprisonment range for the Defendant is 87 to 108 months.[5] ECF No. 43, ¶ 83.

    B.   <u>Departures</u>.

Pursuant to the Rule 11(c)(1)(C) Plea Agreement and the adjusted offense level calculated therein, the parties agreed to a downward departure from the Guideline range of imprisonment to a range of incarceration from 24 to 60 months. As part of this Plea Agreement, the Defendant agreed to recommend 24 months of incarceration while the Government agreed to recommend that this Court sentence the Defendant to a term of 60 months incarceration. In reaching this Plea Agreement and electing

---

[4] When this Sentencing Memorandum makes any reference to the Defendant distributing child pornography, such reference is included due to the fact that a sentence enhancement has been applied by the PSIR, rather than the Defendant admitting to the offense of distribution of child pornography.

[5] As stated in FN3, the Plea Agreement's calculation would have resulted in an adjusted offense level of 26, with a range of imprisonment per the Guidelines at 63-78 months.

GOVERNMENT'S SENTENCING MEMORANDUM - 4

to enter into a Rule 11(c)(1)(C) agreement, the Government took into account three primary considerations. First, the Government carefully considered all evidence in mitigation known at the time, in particular the Defendant's mental health history (a diagnosed social anxiety disorder), that he has been under mental health treatment throughout his life, and that he has attended mental health treatment throughout pre-trial release. Secondly, the Government considered whether to allow the Defendant, with the reported mental health history known to it at the time, to enter a guilty plea without a statutory mandatory minimums, and exercised its sound discretion to enter into an agreement which allows the Defendant to argue for a range outside mandatory minimum of 60 months as set out by federal law for receipt and distribution of child pornography. While the Government asserts that a 60-month sentence incarceration is appropriate, allowing the Defendant to argue for a lesser period of time was, along with other prosecutorial considerations. Finally, the Government considered the Defendant's timely entry of a guilty plea when entering into the Plea Agreement. Taking all of this into account, the Government entered into an 11(c)(1)(C) agreement, from which the Defendant has substantially benefitted. While the Government has agreed that the range of 24 to 60 months of incarceration is appropriate here, the position of the Government is and has always been that 60 months is the appropriate outcome for this case, in particular when considering the sentencing factors as set forth by 18 U.S.C. § 3553(a).

     Upon reviewing the draft PSIR and the 18 U.S.C. § 3553(a) sentencing factors, to include the reasons and argument set forth in this Sentencing Memorandum, the Government urges this Court to sentence the Defendant to 60 months of incarceration. As shown by the evidence, the Defendant has an admitted sexual interest in children, downloaded a peer-to-peer program in order to search for and obtain child pornography, attempted to delete all traces of child pornography from his computer (leaving only artefacts behind), and even received monetary compensation for sharing avatars of young female children online (which, although

GOVERNMENT'S SENTENCING MEMORANDUM - 5

not a violation of child pornography laws, shows the Defendant's sexual interest in children and his willingness to possess and share this material online). A term of confinement of 60 months is a sentence sufficient, but not greater than necessary, to satisfy federal sentencing goals and, based on the facts, circumstances and legal argument in this Memorandum, is the appropriate sentence here.

### III.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a).

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a), which weigh strongly in favor of sentencing the Defendant to 60 months of incarceration, followed by a term of supervised release.

> A.    The nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1).

The nature and circumstances of the offense are serious and warrant 60 months of incarceration. The Defendant has been convicted of possessing child pornography and has demonstrated a pervasive sexual interest in children through his online activities. As stated above, the draft PSIR also includes a sentencing enhancement that he also distributed child pornography in the course of his illegal possession of child pornography. The Defendant has admitted that he has a sexual interest in young female children, that he accessed child pornography as described therein, and that he generated at least one CGI/animated child avatars ("Amber" who he stated was six years old) and that he was compensated to upload them on Patreon where the child avatars would engage in sexual activities with other CGI/animated children and adults. *See* ECF No. 39, 6-8. The Defendant admitted to utilizing BitTorrent, a Peer-to-Peer ("P2P") software program frequently used by individuals with a sexual interest in children or interest in other contraband, to distribute and possess child pornography. ECF No. 39 at 6. The Defendant admitted to having a pedophilic fetish involving the sexual abuse of female children by adult females (mother and teenage daughter), and to possessing videos that depict pre-pubescent and toddler females being sexually abused. *See* ECF No. 39, 7-8. The Defendant, further, admitted to

GOVERNMENT'S SENTENCING MEMORANDUM - 6

using search terms known to be used by individuals with a sexual interest in children, including "Lolita," "jailbait" and "PTHC" (pre-teen hardcore).  ECF No. 39 at 7.

The Defendant also admitted to being in possession of a wide array of child sexually abusive material (child pornography), as demonstrated by .txt files[6] from his BitTorrent activity, primarily female on female sexual abuse perpetrated by adult females on children or children forced to perpetuate that sexual abuse on other children, but other child pornography as well.  ECF No. 39 at 8.  For example, the Defendant admitted to possessing a video called "paradisebirds-Anna.avi" that involved the masturbation of a pre-pubescent female; a video entitled "DSC-2226.mp4" consisting of a pre-pubescent female performing oral sex on a female toddler, both naked and exposing their genitals, and a video entitled "video_2019_10_15_09_18-24.mp4." which involved the masturbation of a pre-pubescent female.  *See* ECF No. 39 at 7.  The draft PSIR also includes additional child pornography images that the Defendant possessed.  *See* ECF No. 43, ¶¶21-22.

In addition to substantial evidence of the Defendant's pervasive sexual interest in children, the Defendant has also demonstrated that is highly knowledgeable about computers (most notably shown in his expansive post-*Miranda* interview with law enforcement) to include actively and often searching for and downloading child pornography, masturbating to that child pornography and then using CCleaner.exe

---

[6] The Government did not include the heinous descriptions of the wide range of child pornography the Defendant accessed using BitTorrent as reflected in these .txt files (artefacts of image files), electing to take a more conservative approach, considering that the Defendant has admitted to accessing numerous images that involved the sexual abuse of pre-pubescent and toddler females.  While not necessarily appropriate in all cases, here, the Government, consistent with the caution provided by the Third Circuit Court of Appeals, did not include the graphic names of these images, but confines itself to those which are in the Plea Agreement.  "[I]t is a challenge to speak of different shades of culpability for possessing child pornography.  Child pornography is so odious, so obviously at odds with common decency, that there is a real risk that offenders will be subjected to indiscriminate punishment based solely on the repugnance of the crime and in disregard of other Congressionally mandated sentencing considerations." *United States v. Goff*, 501 F.3d 250, 260 (3rd Cir. 2007).  That being said, there are undoubtedly appropriate circumstances where additional descriptive information is necessary for the court to to understand the depth and depravity of a child pornographer's actions.  Here, the Defendant admitted to searching for specific categories of child pornography and those images were located.

GOVERNMENT'S SENTENCING MEMORANDUM - 7

(sometimes referred to as a "anti-forensic software") to delete the files, reflecting not only knowledge in computers, but that the Defendant was fully aware that what he was doing in possessing child pornography was illegal. ECF No. 39 at 8. As a result of the Defendant's efforts, although law enforcement was able to conduct single-source downloads via BitTorrent, only artefacts of the files remained on the Defendant's primary computer, line item 004 (a Corsair computer). *See* ECF No. 39 at 7-8. The Defendant, therefore, has admitted to having a sexual interest in children, to accessing and viewing child pornography involving the sexual abuse of children, and further admitted to having sufficient knowledge and wherewithal to not only access that material through a P2P program like BitTorrent, but to delete it. Taken as a whole, these facts reflect that the nature and circumstances of the Defendant's criminal activity was done with knowledge, persistence and show a clear sexual interest in children that he acted on through the medium of child pornography.

Although the Defendant has entered a guilty plea to one count of possession of child pornography, the Court can and should still consider the fact that he also distributed child pornography in determining what sentence is appropriate. *See* U.S.S.G. § 2G2.2(b)(F); ECF No. 43 ¶32. The Defendant has admitted to sharing through BitTorrent, a Peer-to-Peer ("P2P") software frequently used by child pornographers to distribute, receive, and possess child pornography. *See* ECF No. 39 at 6-8. As noted in a recent case from the Northern District of Indiana, "[d]ue to the to the reciprocal nature of a peer-to-peer platform, courts have found its knowing use to warrant a different enhancement under the guidelines- *i.e.* distribution. *United States v. Eash*, 679 F.Supp.3d 768, 772 (N.D. Ind. 2023). The Government submits that this enhancement further reflects the criminality behind the Defendant's behavior and further supports a sentence of 60 months of confinement based on the facts and circumstances of this case in accordance with 18 U.S.C. § 3553(a)(1).

The history and characteristics of the Defendant further support a sentence of 60 months of confinement. As stated here and as shown by the Plea Agreement, the

GOVERNMENT'S SENTENCING MEMORANDUM - 8

Defendant has demonstrated an intractable sexual interest in children, a pervasive interest in child pornography, and the knowledge and ability to acquire child pornography online, the production and dissemination of which directly harms children. Based on his social history and lack of employment history as provided in the draft PSIR as well as the facts set forth in the Plea Agreement, it appears that the Defendant likely dedicated a large portion of his daily life to accessing child pornography. Although the Defendant does not have a criminal history, taking into account the lack of history found in similarly-situated defendants, that does not warrant a more lenient sentence than 60 months of incarceration. The vast majority of child pornography offenders are, like he is, in Criminal History Category ("CHC") I. *See United States v. Eash*, 679 F.Supp.3d 768, 773 (N.D. Ind. 2023)(citing to U.S.S.C., *Quick Facts: Child Pornography Offenders 1* (2023)(71 percent of all child pornography offenders in FY 2022 were in CHC I) and U.S.S.C., *Federal Sentencing of Child Pornography: Non-Production Offenses* 64-65 (2021)(86 percent of non-production child pornography offenders where in CHC I).

It is worth noting, that although the Defendant has a diagnosed anxiety disorder (for which he is currently receiving social security disability income), that mitigation evidence has already been considered in the Rule 11(c)(1)(C) Plea Agreement.[7] Based on the facts and circumstances as developed through the evidence of the Government's case in chief and in the draft PSIR, there is no basis for deviation outside the "heartland" of the properly calculated guidelines range, other than that which the parties themselves have agreed. *See United States v. O'Georgia,* 569 F.3d 281, 289 (6th Cir. 2009)("A district court that considers a departure from the Guidelines range must decide whether any features of the case take it outside the Guidelines' "heartland" and make it a special, or unusual, case.") (internal citations and quotations omitted). There is nothing special, or unusual, about this case to

---

[7] The Government recognizes that the Court, not the parties, decides sentencing and takes into account any evidence in aggravation or mitigation it deems appropriate.

GOVERNMENT'S SENTENCING MEMORANDUM - 9

warrant taking it out of the "heartland" of cases for which the Guidelines would appropriately apply. Although the Defendant has a mental health history, through the Plea Agreement, he has already been given the benefit of the mitigative evidence and that the appropriate sentence here is 60 months of incarceration.

> B. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment, 18 U.S.C. § 3553(a)(2)(A).

Sentencing the Defendant to 60 months of incarceration is necessary to reflect the seriousness of the offense, promote respect for the law and to promote just punishment. Possessing child pornography causes significant societal and individual harm and that harm should also be considered when determining what sentence of incarceration is appropriate. Individuals who access child pornography create a market and, in that market, children are harmed. "The greater the customer demand for child pornography, the more that will be produced." *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007). The Defendant's demand for child pornography has contributed to a market which traffics not only in images of harm to sexually abused children, but actual harm.

The Guidelines recognize that child pornography has a lasting impact on victims. *See* U.S.S.G. § 3553(a)(1), (a)(2)(C). The "crippling effects" of child pornography are "lifelong." *United States v. Eash*, 679 F.Supp.3d 768, 773 (N.D. Ind. 2023). "It creates a 'permanent record' of the abuse, thereafter 'exacerbated by [its] circulation.'" *United States v. Eash*, 679 F.Supp.3d 768, 772 (N.D. Ind. 2023)(citing to *New York v. Ferber*, 458 U.S. 747, 759 (1982). "Every image that broadens the scope of harm has an intrinsic empirical basis, or at minimum an inherent and sound footing in federal sentencing goals of deterrence and public protection." *United States v. Cottrell,* 579 F.Supp.3d 1051, 1055 (N.D. Ind. 2022). Because the Defendant's possession of child pornography contributed to the harm of children, a

term of 60 months of incarceration is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

### C. The need for the sentence imposed to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553(a)(2)(B).

Child pornography creates a negative cycle of supply and demand wherein pedophiles seek sexually exploitative material and so that material is created through the sexual exploitation of children. Deterrence is a critical component to working to help defeat this cycle. A sentence of 60 months confinement is necessary and appropriate to deter future criminal conduct. As stated by the Seventh Circuit, "Sentences influence behavior, or at least Congress thought when in 18 U.S.C. S 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced." *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007).

### D. The need for the sentence imposed to protect the public from further crimes of the Defendant, 18 U.S.C. § 3553(a)(2)(C).

Recidivism is among the key considerations when determining what sentence is appropriate for pedophiles who access child pornography and a term of 60 months of confinement is necessary to protect the public from further crimes of the Defendant. Prior conduct, even remote in time, can demonstrate an increased danger of recidivism. *United States v. Garner*, 490 F.3d 739, 743 (9th Cir. 2007). "[T]he particularly high danger of recidivism of sex offenders is well-known." *United States v. Garner*, 490 F.3d 739, 743 (9th Cir. 2007). *also see McKune v. Lile*, 536 U.S. 24, 33-34 (2002) ("When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault." The risk of recidivism posed by sex offenders is "frightening and high."). Taking into account the high rates of recidivism by sex offenders of all types, the Government submits that a term of 60 months of incarceration is appropriate not

GOVERNMENT'S SENTENCING MEMORANDUM - 11

only to incapacitate the Defendant through the period of his confinement, but to make every effort to use the criminal justice system to work to reduce the likelihood that he will re-offend. The Defendant has demonstrated that he has computer knowledge, a sexual interest in children, and an interest in child pornography. Confinement would help keep the public safe from future criminal conduct of the Defendant.

> E. The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. § 3553(a)(2)(D).

As stated throughout this Memorandum, in entering into the Rule 11(c)(1)(C) Plea Agreement, the Government took into account the Defendant's diagnosis of anxiety and ongoing mental health treatment, in particular the treatment he has sought while on pre-trial release, which includes the Government electing to exercise prosecutorial discretion in agreeing to dismiss the receipt and distribution charges in the Indictment. The agreed-upon range of 24 months to 60 months of incarceration is also a significant downward departure from the calculation of 87-108 months in the PSIR. No additional downward departure is merited. The Defendant engaged in ongoing, harmful behavior wherein he actively possessed and distributed child pornography, depicting the sexual abuse of young children. The offense to which he has entered a guilty plea is serious and a sentence of 60 months incarceration, based on all available information, is the most appropriate outcome in this case.

With respect to a term of supervised release, where considerations of rehabilitation are most appropriate, the Government submits that a term of supervised release longer than the five-year minimum set out by statute would be appropriate. While the Government would defer to the Court as far as what period of time the Defendant should serve on supervised release, the Government would make a recommendation of 10 years to be served on supervised release. To the extent that this Defendant can or may be able to refrain from accessing child pornography once he is released, a longer period of time is appropriate to provide the Defendant a

GOVERNMENT'S SENTENCING MEMORANDUM - 12

method to control his admitted sexual interest in children and reduce the possibility of reoffending.

    F. <u>The kinds of sentences available, 18 U.S.C. § 3553(a)(3).</u>

  Sentencing the Defendant to 60 months of incarceration is consistent with the kinds of sentences available for the possession of child pornography. The Court may sentence the Defendant to up to twenty (20) years of imprisonment, a fine of up to $250,000, and a term of supervised release from 5 years to life. *See* 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2); 18 U.S.C. § 3571(b); 18 U.S.C. § 3583(k).

    G. <u>The kind of sentence contemplated by the Sentencing Guidelines, 18 U.S.C. § 3553(a)(4).</u>

  Sentencing the Defendant to a term of confinement of 60 months is consistent with the types of sentences contemplated by the Sentencing Guidelines, although it is a downward departure as provided for in the Plea Agreement and as further shown by the draft PSIR. As provided above in FN3 and 4, in the Plea Agreement, the parties mis-calculated the applicable Guidelines, calculating the adjusted offense level as 26 with a Criminal History Category I, which would result in a Guideline range of 63-78 months of confinement. According to the PSIR, and as calculated by the United States Probation Office, the total adjusted offense level is 29, Criminal History Category I, resulting in a guideline range of 87 to 108 months. Neither party objected to the PSIR. The Government submits that its recommendation of 60 months of incarceration, with an agreed-upon range of 24-60 months, was appropriate (within three months of the low-end of the Guidelines). Although the corrected Guideline range is higher than the parties calculated, the Government's position that 60 months of incarceration is appropriate, remains unchanged.

    H. <u>Any pertinent policy statements issued by the Sentencing Commission, 18 U.S.C. § 3553(a)(5).</u>

  Other than the policy statements encapsulated in the offense characteristics and specific offense characteristics set forth in the Guidelines, in the PSIR and herein,

GOVERNMENT'S SENTENCING MEMORANDUM - 13

Courts seem to provide that the "parsimony provision" of 18 U.S.C. § 3553(a), which directs the Court to impose a sentence that tis "sufficient, but not greater than necessary" to accomplish the goals of sentencing. *See e.g. United States v. Jacob*, 631 F.Supp.2d 1099, 1120 (N.D. Iowa 2009). In this case, 60 months is sufficient, but not greater, than necessary to achieve the sentencing goals of 3553(a) and the Guidelines calculation. While 60 months incarceration is a downward departure from the Guidelines as calculated by the PSIR, it is the highest the parties have agreed to and, based on the 3553(a) factors and the totality of the facts and circumstances here, the Government submits that it is the appropriate sentence.

    I.   <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6).</u>

Based on all the facts and circumstances, the Government's recommendation of 60 months of incarceration is the appropriate disposition of this case in an effort to avoid sentence disparities. The Defendant has already significantly benefitted from the Plea Agreement and upon reviewing the PSIR's calculation, he has received an additional benefit. Sentencing him to less than 60 months of confinement, however, may lead to a sentencing disparity.

    J.   <u>The need to provide restitution to any victims of the offense, 18 U.S.C. § 3553(a)(7).</u>

Restitution to victims is mandatory pursuant to 18 U.S.C. § 2259. The National Center for Missing and Exploited Children ("NCMEC") identified two series "American Socks1" and "Fish Bedding." The PSIR notates, "it does not appear Mr. Harding can reasonably pay a fine within the guideline range." ECF No. 43, ¶81.

### IV. GOVERNMENT'S SENTENCING RECOMMENDATION

As discussed throughout this Memorandum, sentencing the Defendant to 60 months of incarceration, based on the totality of the circumstances and the 3553(a) factors, is sufficient, but not greater than necessary, to accomplish the purposes

outlined in 18 U.S.C. § 3553(a). A term of 60 months of incarceration is also substantively reasonable. Similar facts to those present here were found by the Eleventh Circuit to be substantively reasonable. *United States v. Centella,* 322 Fed.Appx. 748, 751 (11th Cir. 2009). There, the defendant was sentenced to 78-months for one count of possession of child pornography. *Id.* The court noted that *Centella* ordered seven DVDs of child pornography by mail, subscribed to child pornography websites with his credit card, and possessed at least 600 images of child pornography. *Id.* "By receiving these images," the court wrote, "*Centella* contributed to the continuing victimization of these children and encouraged the production of more images . . . Accordingly, we find no merit to *Centella's* argument that his low-end guidelines sentence failed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence or protect the public." *Id.*

Taking into account all of the facts and circumstances a particularized assessment of the facts as applied to the 3553(a) sentencing factors here, and the fact that the Defendant received a significant benefit in the Plea Agreement, the Government respectfully requests this Court to sentence him to 60 months of incarceration. Regarding child pornography, the Supreme Court has said, "The materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation." *New York v. Ferber,* 458 U.S. 747, 759 (1982). Sentencing the Defendant to a term of 60 months of incarceration, followed by a lengthy period of supervised release, would adequately reflect *his* permanent record of participation in the harm caused to children through his admitted possession of child pornography.

Dated: January 3, 2025.

Vanessa R. Waldref
United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 15

*/s/ Letitia A. Sikes*
Letitia A. Sikes
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 16

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Alex B. Hernandez, III, Federal Defenders of Eastern Washington and Idaho, 306 E. Chestnut Ave., Yakima, Washington 98901.

*/s/ Letitia A. Sikes*
Letitia A. Sikes
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 17